[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15456

_____

D.C. Docket No. 5:17-cv-00284-WTH-PRL

FRANK L. AMODEO,

Petitioner-Appellant,

versus

FCC COLEMAN - LOW WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 8, 2021)

Before BRANCH, LUCK, and ED CARNES, Circuit Judges.

ED CARNES, Circuit Judge:

Frank L. Amodeo, a federal prisoner, appeals the dismissal of his 28

U.S.C. § 2241 petition for writ of habeas corpus, which contains a claim that he is actually innocent of the crimes to which he pleaded guilty and was convicted.

The rule is that a federal prisoner who seeks to collaterally attack his conviction or sentence must file a 28 U.S.C. § 2255 motion to vacate instead of a § 2241 habeas corpus petition. Section 2255(e) contains the rule, but the last clause of it contains an exception to the rule, which is known as the "saving clause." Subsection (e) provides that a § 2241 petition "shall not be entertained" if the prisoner has either failed to apply for the relief he seeks by § 2255 motion in the sentencing court, or has applied and been denied it, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). It rarely is. See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1088 (11th Cir. 2017) (en banc) ("A motion to vacate is not often an inadequate or ineffective remedy."). A claim of actual innocence is not one of the rare ones for which a § 2255 motion is an inadequate or ineffective remedy. For that reason, the district court properly dismissed Amodeo's § 2241 petition for lack of jurisdiction.

## I.  BACKGROUND

In August 2008 a federal grand jury charged Amodeo with 27 crimes relating to conspiracy to defraud the United States. After a magistrate judge found him competent to stand trial and competent to enter a guilty plea, Amodeo pleaded

2

guilty to conspiracy, failure to collect and remit payroll taxes, and obstruction of an

agency proceeding. The district court accepted his guilty plea and adjudicated

Amodeo guilty. After a five-day sentence hearing, the district court sentenced him

to five consecutive 54-month terms of imprisonment for a total of 270 months. See

Amodeo v. United States, No. 6:08-CR-176-0RL-28, 2015 WL 5687815, at *1

(M.D. Fla. Sept. 25, 2015).

On direct appeal Amodeo unsuccessfully argued that his counsel was

ineffective and also that the district court had failed to determine that Amodeo was

competent to plead guilty. See United States v. Amodeo, 387 F. App'x 953, 954

(11th Cir. 2010). We declined to address his ineffective-assistance claim because

the record was not sufficiently developed. Id. And we rejected his competency

determination claim because it was not only "without support in the record" but

was also "belied by the record." Id. Even though Amodeo and the government

had stipulated that he was competent, the district court had assured itself that he

was by questioning him extensively and hearing testimony from his doctor. Id.

Amodeo did not raise a factual innocence claim on direct appeal. See id.

After we affirmed his convictions in 2010, Amodeo filed a series of § 2255

motions to vacate. In the first two of those motions he claimed that he had been

incompetent to enter his guilty plea and that he was factually innocent for various

reasons. The district court dismissed the first one of those § 2255 motions without

3

prejudice because the pleadings were deficient and Amodeo had failed to correct the deficiencies after being given the chance to do so. The same thing happened for the same reason to Amodeo's second § 2255 motion. See Amodeo, 2015 WL 5687815, at *1 (discussing both of those motions and orders). He did not appeal either dismissal of either motion.

In 2012 Amodeo filed a third § 2255 motion that "allege[d] fifteen claims for relief, each with numerous subclaims, for a total of more than seventy claims." Id. Among other things, he asserted that he was incompetent to enter his guilty plea and that he was factually innocent of the crimes for which he had been convicted. He was incompetent to enter his guilty plea, Amodeo alleged, because he is afflicted with "bipolar [disorder] with psychotic features," which includes "rapid cycles of mania and depression" that make it "impossible for [him] to enter a voluntary guilty plea because, from one moment to the next, his perception of reality can be different." Amodeo alleged that he was factually innocent because he had not realized he had a personal duty to ensure that the corporations he ran timely paid taxes.

The district court ruled that Amodeo's third § 2255 motion was time-barred, and he was not entitled to equitable tolling. Id. at *2–8. It also ruled that his actual innocence claim, which the court construed as "relat[ing] to the legal sufficiency of his convictions," failed on the merits because Amodeo did "not support his claim

4

of actual innocence with evidence that would raise a substantial doubt about his guilt or establish that his conviction probably resulted from a constitutional violation." Id. at *7. In addition to denying Amodeo's third § 2255 motion, including the factual innocence claim, the court dismissed the case with prejudice as time-barred. Id. at *8; see also 28 U.S.C. § 2255(f).

Amodeo filed a notice of appeal from that order, and a motions panel of this Court issued a certificate of appealability on the question of whether the district court erred in dismissing his § 2255 motion as time-barred. After briefing, we held that the district court had not erred, and we affirmed the denial of Amodeo's third § 2255 motion as untimely. Amodeo v. United States, 799 F. App'x 728, 730–31 (11th Cir. 2020).

In the course of doing so, we summarized Amodeo's postconviction filings up to that date:

> Amodeo inundated the courts with postconviction filings. In June 2011, a month before we affirmed Amodeo's conviction, he filed a motion to vacate that the district court dismissed without prejudice after he disobeyed three orders to amend the contents of his motion. See 28 U.S.C. § 2255. Amodeo then petitioned unsuccessfully for a certificate of appealability and for a writ of certiorari in the Supreme Court. Meanwhile, in November 2011, Amodeo filed a second motion to vacate that the district court dismissed after he refused to comply with several orders to reduce the length of his motion. Amodeo moved to vacate the order of dismissal, and when that proved unsuccessful, he applied for a certificate of appealability, which both the district court and this Court denied. And Amodeo moved six times for the district

court to reopen or reconsider its order of dismissal after he filed his third motion to vacate that is the subject of this appeal.

Id. at 730.  After the district court had denied his third § 2255 motion but before we issued our opinion affirming that denial, Amodeo filed a fourth § 2255 motion that did not raise an actual innocence claim; that motion was dismissed as second or successive.  See Amodeo v. United States, 743 F. App'x 381, 382–86 (11th Cir. 2018) (affirming dismissal of the motion on that ground); see also 28 U.S.C. § 2255(h).

In mid-2017 Amodeo filed the § 2241 petition for writ of habeas corpus that is the subject of this appeal.  In the petition he claims that he is factually innocent because his bipolar disorder prevented him from having the intent that is an element of his crimes of conviction, which he argues makes his imprisonment illegal.[1]  Amodeo contends that he can file a § 2241 petition because a "claim of factual innocence is in-recognizable [sic] in § 2255," so a motion to vacate is inadequate or ineffective to contest his sentence, and as a result he satisfies the saving clause.  Amodeo asserts that the relief he seeks on his actual innocence claim is for the court to "order his immediate release and either vacate the criminal

---

[1] Amodeo advanced two additional claims in his § 2241 petition: (1) the sentencing court erred in computing his guidelines range, and (2) the indictment was defective.  Because Amodeo, through counsel, has expressly waived those two claims in this appeal, we will not consider them.  See Crowley Maritime Corp. v. Nat'l Union Fire Ins. Co., 931 F.3d 1112, 1130–31 (11th Cir. 2019).

judgment or enjoin further enforcement of the judgment."

The district court dismissed Amodeo's petition for lack of jurisdiction. It ruled that under our McCarthan decision: "28 U.S.C. § 2241 is not available to challenge the validity of a sentence except upon very narrow grounds not present in this case." Amodeo moved to alter or amend the district court's judgment, asserting that his actual innocence claim was properly presented in a § 2241 petition because it is not cognizable under § 2255. The district court denied that motion. This is Amodeo's appeal.

We review de novo questions of law concerning subject matter jurisdiction, including whether a prisoner may, in a particular circumstance, bring a § 2241 petition for a writ of habeas corpus under the saving clause of § 2255(e). McCarthan, 851 F.3d at 1081; Gupta v. McGahey, 709 F.3d 1062, 1064–65 (11th Cir. 2013).

## II. DISCUSSION

Amodeo contends that in ruling his actual innocence claim could not be brought in a § 2241 petition because it was outside the scope of § 2255's saving clause, the district court misinterpreted our en banc decision in the McCarthan case. But it is Amodeo who misinterprets McCarthan.

### A. The History of the Saving Clause

Before 1948, federal prisoners who collaterally challenged any aspect of

their detention did so in a § 2241 petition, which had to be filed in the district where they were incarcerated. See United States v. Hayman, 342 U.S. 205, 206–07, 212–13 (1952); see also Prost v. Anderson, 636 F.3d 578, 587 (10th Cir. 2011) (Gorsuch, J.). That regime proved problematic after Congress expanded the scope of collateral relief for federal prisoners, opening the floodgates to a tidal wave of petitions that inundated the few district courts where federal penitentiaries were located. See Hayman, 342 U.S. at 212–14; Prost, 636 F.3d at 587. There were also "serious administrative problems" in litigating collateral petitions because courts in the district of incarceration were often far from the district of conviction and sentencing, and hence far from the relevant records, witnesses, prosecutors, and defense counsel. See Hayman, 342 U.S. 212–14. To alleviate that burden and remedy those administrative problems, Congress enacted 28 U.S.C. § 2255, which generally requires federal prisoners who seek to collaterally attack their conviction or sentence to file a motion to vacate in the district where they were convicted and sentenced. 28 U.S.C. § 2255(a); see also Hayman, 342 U.S. at 218–19; McCarthan, 851 F.3d at 1082; Prost, 636 F.3d at 587–88.

Section 2255 permits a prisoner to contest his sentence by motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or

8

is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It authorizes the court to provide specified relief if the court finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Id. § 2255(b). The rule provides that the motion is to be filed in "the court which imposed the sentence." Id. § 2255(a).

What is important for present purposes is that a § 2255 motion is the exclusive procedure for a federal prisoner to seek collateral relief unless he can satisfy the saving clause at the end of § 2255(e), which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Id. § 2255(e) (emphasis added); see also McCarthan, 851 F.3d at 1081. A district court can exercise jurisdiction over a federal prisoner's § 2241 petition only if the saving clause of § 2255(e) applies. See McCarthan, 851 F.3d at 1080; see also Samak v. Warden, FCC Coleman-Medium, 766 F.3d 1271, 1273 (11th Cir. 2014).

## B. The McCarthan En Banc Decision

In our 2017 en banc decision in McCarthan, this Court carefully examined the meaning of the saving clause and set out a new standard or test for deciding

9

whether a claim fits within it.  See 851 F.3d at 1082–95, 1099–1100.  McCarthan

pleaded guilty in 2003 to being a felon in possession of a firearm.  Id. at 1080.  The

district court enhanced his sentence under the Armed Career Criminal Act (ACCA)

because he had five prior convictions for a "serious drug offense" or "violent

felony," which included one conviction for escape.  Id.  McCarthan moved to

vacate his sentence under § 2255, the district court denied that motion, and we

denied him a certificate of appealability.  Id.

    About four years later, the Supreme Court held in Chambers that some

variations of the crime of escape do not qualify as a "violent felony" under the

ACCA.  Id. (citing Chambers v. United States, 555 U.S. 122, 130 (2009)).  That

decision effectively overruled our precedent that even "walkaway" escape

qualified as a violent felony for ACCA purposes.  Id.  But McCarthan had already

filed one § 2255 motion, and he was barred from filing another one because the

Chambers decision had not announced a new rule of constitutional law, only one of

statutory interpretation.  See id. at 1079–80; see also 28 U.S.C. § 2255(h)(2).  That

put the § 2255(h)(2) exception to the second and successive motions bar out of his

reach.  See McCarthan, 851 F.3d at 1080; see also 28 U.S.C. § 2255(h)(2).

    So McCarthan tried a different approach by raising the issue in a § 2241

petition.  McCarthan, 851 F.3d at 1080.  He contended that in light of Chambers he

was "actually innocent" of the ACCA sentencing enhancement.  See id.  He argued

10

that because Chambers was not the law when he filed his first motion, § 2255 was inadequate or ineffective to test the legality of his detention within the meaning of the saving clause. Id. at 1079–80. As authority, McCarthan pointed to prior precedent stemming from our Wofford decision, which held that the saving clause permitted "a federal prisoner to petition for a writ of habeas corpus if a later decision of the Supreme Court abrogates circuit precedent that had foreclosed the prisoner's argument when he first moved to vacate his sentence." Id. at 1080 (paraphrasing the holding of Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999)).

A panel of this Court affirmed the dismissal of McCarthan's § 2241 petition because it did not satisfy the test we set out in Wofford and rearticulated in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013). See McCarthan v. Warden, FCI Estill, 811 F.3d 1237, 1242, 1257 (11th Cir. 2016), aff'd en banc sub nom., McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017). We granted rehearing en banc and in the course of affirming the dismissal of the § 2241 petition, we overturned the Wofford saving clause test. See McCarthan, 851 F.3d at 1100. Soundly. There was a majority opinion and five separate concurring and dissenting opinions, but none of the eleven judges participating in the McCarthan decision defended Wofford, not even the author of it. See id. at 1100–01 (Carnes, C.J., concurring).

After rigorous textual analysis, see id. at 1085–95, the en banc Court

11

announced these requirements for the narrow saving clause exception:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim. And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

Id. at 1086–87. Our opinion made it clear that the most important words in the saving clause are "remedy" and "test." We emphasized that a "motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." Id. at 1099 (emphasis added). If § 2255 offers a remedy for a particular kind of claim, a motion filed under it provides a meaningful opportunity to test that kind of claim, and the saving clause does not apply. In McCarthan we did not say — because the saving clause does not say — that a motion is inadequate or ineffective if it cannot provide the relief being sought for a particular claim. The availability of a remedy to provide the relief sought by the movant, if he is successful, is essential, but the actual award of relief to the movant is not.

That follows from the crucial distinction between "relief" and "remedy." See id. at 1086. "Relief," we explained, is "the assistance, redress, or benefit which a complainant seeks at the hands of the court." Id. (quoting Relief, Black's Law Dictionary 1523 (3d ed. 1933)). "Remedy," by contrast, is "[t]he means by which a right is enforced or the violation of a right is prevented, redressed, or

12

compensated." Id. (quoting Remedy, Black's Law Dictionary 1526 (3d ed. 1933)) (alteration in McCarthan); accord Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 516 (1981) ("[A] remedy is the legal means to recover a right or obtain redress for a wrong.") (ellipses, emphasis, and quotation marks omitted). Relief is what you want; remedy is how you will get that relief if you prevail.

The failure to prevail does not mean the remedy provided by § 2255 is inadequate or ineffective. A movant may lose because of untimeliness, or procedural default, or failure to bring the claim or claims in an initial § 2255 motion, but that is because of the inadequacy or ineffectiveness of the case or the claims, not the remedy. McCarthan, 851 F.3d at 1086. It does not matter to the saving clause whether a claim is timely or untimely, is barred or not barred, has merit or no merit. "Even if a prisoner's claim fails under circuit precedent, a [§ 2255] motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court." Id. at 1099. Testing ability and remedial scope are what matters.

The remedial scope of § 2255 is set out in its first two subsections. Subsection (a) provides that the court that imposed a sentence may "vacate, set aside or correct the sentence" if: it was "imposed in violation of the Constitution or laws of the United States"; or "the court was without jurisdiction to impose such a

13

sentence"; or "the sentence was in excess of the maximum authorized by law"; or it is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Subsection (b) provides that the court "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate" if the court finds: "that the judgment was rendered without jurisdiction"; or "that the sentence imposed was not authorized by law or otherwise open to collateral attack"; or "that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  Id. § 2255(b).

In McCarthan we responded to the assertion that our holding "renders the saving clause meaningless" because it will result in the clause never applying. See 851 F.3d at 1092–93.  We explained that our interpretation of the § 2255(e) language recognizes two categories of cases that fit within the saving clause and permit federal prisoners to seek relief under § 2241.  Id.

The first category comprises cases in which a federal prisoner seeks "to challenge the execution [as opposed to the legality] of his sentence, such as the deprivation of good-time credits or parole determinations."  Id. (emphasis added). In such cases, a § 2255 motion to vacate is not suited to remedy the claim because vacatur of a judgment or a sentence or correction of a sentence are the only kinds of relief § 2255 provides.  Id. at 1088 ("[A] motion to vacate could be inadequate or ineffective to test a prisoner's claim about the execution of his sentence because

14

that claim is not cognizable under section 2255(a).  The motion to vacate is of such a nature that it will not produce the intended effect, because the prisoner does not challenge his sentence and the appropriate remedy is not vacatur.") (cleaned up).

A prisoner claiming the unlawful denial of good-time credits is not seeking to have his sentence set aside or corrected.  He is seeking to have prison officials be required to correct their records.  He seeks an order directing the officials to release him at the correct time even though the original judgment and sentence will stand.  Section 2255 is an inadequate or ineffective remedy for good time credit claims because it cannot possibly provide the kind of relief that such claims seek.  But § 2241 can.  See Santiago-Lugo v. Warden, 785 F.3d 467, 469–70 (11th Cir. 2015) (exercising jurisdiction over federal prisoner's § 2241 habeas petition challenging the deprivation of good-time credits following a prison disciplinary proceeding); Brown v. McFadden, 416 F.3d 1271, 1272 (11th Cir. 2005) (assessing federal prisoner's § 2241 habeas petition challenging Bureau of Prison's calculation of good-time credits); Frick v. Quinlin, 631 F.2d 37, 39 (5th Cir. 1980) (assessing parolee's § 2241 habeas petition challenging Parole Commission's ruling forfeiting good-time credits accrued during prior incarceration).

The second category of cases that fit within the narrow confines of the

saving clause are those in which the sentencing court is unavailable or dissolved,[2] or where practical considerations like "multiple sentencing courts" prevent a federal prisoner from filing a § 2255 motion. McCarthan, 851 F.3d at 1093. As we have mentioned, a § 2255 motion must be filed with the sentencing court, 28 U.S.C. § 2255(a), and it cannot provide a remedy for a claim when the court in which the prisoner must file the motion is not available or no longer exists. "[O]nly in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of [a federal prisoner's] detention.'" Id. (quoting Samak, 766 F.3d at 1278 (W. Pryor, J., concurring)).

Applying the standard and test we announced, we held that McCarthan's ACCA claim did not fit within the narrow exception provided by the saving clause, even though the claim would have failed had he raised it in his initial § 2255 motion to vacate, and even though it would have been barred had he attempted to raise it in a second or successive motion to vacate:

> The remedy of a [§ 2255] motion to vacate permitted McCarthan to bring his claim and seek en banc or Supreme Court review to change the substantive rule of law. That a court might reject a prisoner's argument does not render his "remedy by motion" an inadequate "means by which" to challenge the legality of his sentence. A procedural rule that might prevent success on a particular motion does not render the remedy an inadequate "means" so long as it is capable of

---

[2] For instance, military prisoners sometimes file § 2241 petitions "due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral attack." McCarthan, 851 F.3d at 1093 (quoting Prost, 636 F.3d at 588).

"enforcing" or "redressing" the right.   The motion to vacate is an adequate remedy for McCarthan because if he succeeds, the court must "vacate and set the judgment aside" and either release or retry him.

McCarthan, 851 F.3d at 1086 (alterations in original adopted).  Failing to prevail on a claim that detention is illegal does not equate to an inadequate or ineffective remedy to test the legality of the detention.

## C.  Amodeo's Flawed Argument

Amodeo's argument goes like this: the saving clause permits a federal prisoner to file a § 2241 petition when his claim is not cognizable under § 2255; an actual innocence claim is not cognizable under § 2255; therefore, the saving clause permits Amodeo to file a § 2241 petition.  That Aristotelian syllogism would be compelling, except the major premise begs the question, the minor premise is false, and the resulting conclusion is wrong.

## 1. The Major Premise

We start with the major premise of Amodeo's argument: that the saving clause permits a federal prisoner to file a § 2241 petition when his claim is not cognizable under § 2255.  That is correct on the surface, but it begs the question of what "cognizable" means in this context.  Amodeo uses the word as a synonym for a claim that will result in relief.  That is one possible meaning of the word and it has sometimes been used that way.  See In re Lambrix, 624 F.3d 1355, 1367 (11th Cir. 2010).  But that is not how we used the word in the McCarthan en banc

17

decision, which is controlling to the extent of any differences between it and earlier decisions, whether panel or en banc.

All that counts with cognizability is what our controlling decision in McCarthan meant by "cognizable" and what it held. In that decision we used the word "cognizable" in the sense that is consistent with the holding of the decision. We used "cognizable" to label or describe a particular claim that could have been tested in an initial § 2255 motion and, if found to have merit and not be barred by a procedural or other defense, would have entitled the movant to relief that the remedy by motion is capable of giving: vacating the judgment against him, or vacating or correcting his sentence, or granting him a new trial, or releasing him, as appropriate. McCarthan, 851 F.3d at 1086. Test plus remedy.

Take, for example, the claim in, and facts of, the McCarthan case itself. Consider why we held that claim was cognizable in an initial § 2255 motion, which meant that the remedy by motion was not "inadequate or ineffective to test the legality of his detention." Id. (quoting 28 U.S.C. § 2255(e)). McCarthan claimed that a prior offense of escape had been wrongly treated as a violent felony and used to enhance his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). See McCarthan, 851 F.3d at 1080. At the time he filed his first § 2255 motion, which omitted that claim, it was squarely foreclosed by circuit precedent. See id. The Supreme Court later overturned our circuit precedent and held that some forms

18

of escape are not a violent felony for ACCA purposes.  Id. (citing Chambers, 555 U.S. at 130).

To take advantage of that change in the law, McCarthan filed a § 2241 petition containing the claim.  Id.  He contended that the change in controlling law "made him actually innocent of the sentencing enhancement and made him eligible for relief under the saving clause."  Id. (quotation marks and brackets omitted).  He argued that he was entitled to present the claim in a § 2241 petition because his initial § 2255 motion was not an adequate or effective remedy given that circuit precedent foreclosed the claim at that time.  See id. at 1079.  And it would have done him no good to present the claim in a later § 2255 motion because the second or successive motion bar in § 2255(h) would have kept him from getting a decision on the merits of the claim.  Id. at 1080.  But we squarely rejected his position, summarizing our holding in the last substantive paragraph of the opinion affirming the order dismissing McCarthan's § 2241 petition for a writ of habeas corpus:

> A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court. McCarthan does not qualify for the saving clause because his claim that escape is not a violent felony is cognizable under section 2255. Because he "was free to bring" this claim about the interpretation of his sentencing law in his initial motion to vacate, the remedy by motion

19

was an "adequate and effective means for testing such an argument." Prost, 636 F.3d at 580. He cannot now use the saving clause to make that claim in a petition for a writ of habeas corpus.

McCarthan, 851 F.3d at 1099–1100. As that wrap-up shows, a claim is cognizable in a § 2255 motion if the prisoner "was free to bring" the claim in his first motion. A prisoner was "free to bring" the claim, and it is no less cognizable in a first motion, even if the claim was at that time foreclosed by binding circuit precedent, or by the statute of limitations, or by a procedural bar. See id. at 1086 ("The motion to vacate is an adequate remedy for McCarthan because if he succeeds, the court must 'vacate and set the judgment aside' and either release or retry him. 28 U.S.C. § 2255(b)."); id. ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy. The prisoner may still bring the claim.") (citation omitted); see also id. at 1090 ("Allowing a prisoner with a claim that is cognizable in a motion to vacate to access the saving clause nullifies the procedural hurdles of section 2255 and undermines the venue provisions."); id. at 1091 ("But to read the bar on successive motions (or other procedural bars to relief) to trigger the saving clause makes the statute self-defeating."); id. at 1091–92 ("[W]hether the remedy 'is' inadequate or ineffective must refer to the nature of the remedy, not to one specific motion, or else the motion becomes inadequate every time a procedural rule like the statute of

20

limitations or procedural default prevents success. The procedural bars mean nothing if they can be avoided through the saving clause.").

If Amodeo had his way — if cognizability were the test and non-cognizable meant meritless or blocked by a procedural defense — a federal prisoner could avoid the bar on second and successive § 2255 motions after a change in caselaw simply by filing a § 2241 petition and arguing that his claim would not have succeeded (or, using Amodeo's definition, would not have been "cognizable") in his first motion.  That would undo McCarthan.  We as a panel cannot undo an en banc decision and must, instead, apply it and any test it sets out.  Under McCarthan a § 2255 "motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim" if that claim were meritorious and not barred by a procedural or other defense.  Id. at 1099.

### 2. The Minor Premise

The minor premise of Amodeo's argument is that actual innocence claims are not cognizable in a § 2255 motion.  In support he cites decisions holding that a freestanding actual innocence claim does not merit collateral relief under our circuit precedent.  See Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1372 (11th Cir. 2015); United States v. Montano, 398 F.3d 1276, 1284 (11th Cir. 2005) ("Actual innocence is not itself a substantive claim. . . .").  There are many other

21

decisions like those holding that such claims do not warrant collateral relief under circuit precedent, at least that they don't in non-capital cases. See, e.g., Raulerson v. Warden, 928 F.3d 987, 1004 (11th Cir. 2019); Johnson v. Warden, Ga. Diagnostic & Classification Prison, 805 F.3d 1317, 1324 (11th Cir. 2015); Cunningham v. Dist. Atty's Office, 592 F.3d 1237, 1273 (11th Cir. 2010); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir. 2007); Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002).[3]

The fundamental flaw in Amodeo's minor premise is that it confuses merit with cognizability for McCarthan purposes. A meritless claim can be just as cognizable as a non-meritless one. A freestanding claim of actual innocence is as good an example of that as any. It is, under our circuit precedent, meritless in a collateral proceeding. But under McCarthan it is a cognizable claim because it goes to the legality of Amodeo's detention, and if the claim were meritorious and not foreclosed by defenses such as the second or successive petition rule, the remedy by motion could give him the relief his claim seeks. See McCarthan, 851 F.3d at 1090, 1099.

### 3. The Conclusion

Amodeo's conclusion that the saving clause applies to his actual innocence

---

[3] Although those five "for example" decisions arose in the § 2254 habeas context, their logic holds in the postconviction § 2255 context. A constitutional violation (or lack of it) is a constitutional violation (or lack of it).

22

claim fares no better than the two premises of his argument: not well at all.  For the reasons we have discussed, § 2255 is not inadequate or ineffective to test the validity of an actual innocence claim like Amodeo's and provide a remedy for the claim if it were meritorious and not barred by § 2255(h)'s restrictions against second or successive motions.  The saving clause does not apply.  The district court properly dismissed the motion.

## III.  CONCLUSION

Amodeo's actual innocence claim does not fit within the narrow confines of the saving clause because he could have presented it in his first § 2255 motion to vacate, and that motion would have been an adequate and effective mechanism to test his claim.  That is so even though binding precedent prohibits granting postconviction relief in a non-capital case based on a claim of actual innocence.

**AFFIRMED.**