[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-11438
Non-Argument Calendar

_____

D.C. Docket No. 4:21-cv-00151-MW-MJF

DERRIC EMIL THOMPSON,

Petitioner - Appellant,

versus

WARDEN,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 14, 2021)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Derric Thompson, a federal prisoner, appeals the dismissal of his pro se habeas corpus petition for lack of jurisdiction. The district court considered his 28 U.S.C. § 2241 petition as a 28 U.S.C. § 2255 motion to vacate and dismissed his

case, because it was the court of detention, rather than the sentencing court, which would be the proper venue for a motion to vacate. On appeal, Thompson argues that: (1) the district court erred when it dismissed his petition because the sentencing court was powerless to provide redress; and (2) the very concept of justice in the Constitution requires his case to be heard as a § 2241 petition and not a § 2255 petition. After careful review, we affirm.

When reviewing the district court's denial of a habeas petition, we review questions of law de novo. Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). The availability of habeas relief under § 2241 is also reviewed de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). An appellant abandons a claim when he raises it in a perfunctory manner without supporting arguments and authority. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014).

District courts shall liberally construe pro se filings and may re-characterize a pro se litigant's motion. Castro v. United States, 540 U.S. 375, 381-83 (2003). Accordingly, courts are obligated to "look behind the label" of pro se inmate filings to determine whether they are cognizable under "a different remedial statutory framework." United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

The primary method of collateral attack on a federal sentence is pursuant to § 2255. Id. at 629. Challenges to the execution of a sentence, rather than the validity of the sentence itself, are brought under § 2241. Moody v. Warden, 887 F.3d 1281,

2

1287 (11th Cir. 2018).  A § 2241 petition must be filed in the "district wherein the restraint complained of is had."  28 U.S.C. § 2241(a).  A § 2255 motion, on the other hand, must be filed in the "court which imposed the sentence."  Id. § 2255(a).

Section 2255 permits a prisoner to contest his sentence by motion on the ground that the court was without jurisdiction to impose such a sentence.  Amodeo v. Coleman, 984 F.3d 992, 996 (11th Cir. 2021).  Section 2255 provides the exclusive procedure for a federal prisoner to seek collateral relief unless it also appears that the motion is inadequate or ineffective to test the legality of his detention.  Id. at 997; see 28 U.S.C. § 2255(e).  This provision of § 2255(e) is known as the "saving clause," and a district court can only exercise jurisdiction over a federal prisoner's § 2241 petition when the saving clause applies.  Amodeo, 984 F.3d at 997.  A prisoner satisfies the saving clause when he is unable to bring the claim in a motion to vacate, and therefore, did not have a meaningful opportunity to test his claim under § 2255.  McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1086-87 (11th Cir. 2017) (en banc).

A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim.  Amodeo, 984 F.3d at 998.  Therefore, "[i]f § 2255 offers a remedy for a particular kind of claim, a motion filed under it provides a meaningful opportunity to test that kind of claim, and the saving clause does not apply."  Id.  The failure to prevail does not

mean that a § 2255 remedy is inadequate or ineffective, but rather just means that the case or claims are inadequate. Id.

Two categories of cases fit within the saving clause to permit federal prisoners to seek relief under § 2241. Id. at 999. The first category consists of prisoners who test the execution of their sentences, "such as the deprivation of good-time credits or parole determinations." Id. (quotation omitted). The second category consists of cases where the sentencing court is unavailable or dissolved, or where practical considerations like multiple sentencing courts prevent a prisoner from filing a § 2255 motion. Id. at 999-1000.

Here, the district court did not err when it dismissed Thompson's petition for lack of jurisdiction. In the petition, Thompson claimed that the United States District Court for the Middle District of Florida, where he pleaded guilty and was sentenced, lacked the constitutional authority to adjudicate his proceedings and issued a void judgment against him because the crime with which he was charged, under 18 U.S.C. §§ 1341, 1349, did not injure the United States. He also argued that § 1349 lacked the requisite elements to be a criminal statute, so he should not have been charged with violating it, the government was unable to seek relief under it, and his due process rights were violated. Thus, the claims in Thompson's § 2241 petition attacked the jurisdiction of the district court that imposed his sentence, instead of

4

attacking the execution of his sentence, making it a § 2255 motion. See Amodeo, 984 F.3d at 996.

Moreover, Thompson did not show how his case fit within the saving clause of § 2255, since he did not demonstrate that he would be unable to bring it under § 2255. See McCarthan, 851 F.3d at 1086-87. Nor can we find any basis to conclude that Thompson's case fits within the two categories of cases that satisfy the narrow confines of the saving clause. See Amodeo, 984 F.3d at 999-1000. As for the first category, he is not challenging how is sentence is being executed, "such as the deprivation of good-time credits or parole determinations." Id. at 999 (quotation omitted). As for the second category, his sentencing court, the United States District Court for the Middle District of Florida, still exists, and he has not indicated any practical considerations that would prevent him from filing the case there. Id. at 999-1000. Therefore, Thompson's case is a § 2255 motion to vacate, and he needed to bring it in his sentencing court, the United States District Court for the Middle District of Florida. See 28 U.S.C. § 2255. Because he did not, the United States District Court for the Northern District of Florida lacked jurisdiction to hear the case.

As for Thompson's arguments concerning judicial bias, he only briefly referenced, before the district court, "extra-judicial bias" as one reason why the sentencing court lacked authority to hear his claim. Similarly, he raises it in a perfunctory manner on appeal, without pointing to anything that would support his

5

claims that bias would exist.  See Sapuppo, 739 F.3d at 681.  In any event, the statute squarely provides that the sentencing court is the proper venue to address challenges to convictions and sentences, even though it was the place of conviction and sentencing.  See 28 U.S.C. § 2255.  Because Thompson brought the case in a court other than his sentencing court, venue was not proper.  See id.  Accordingly, we affirm the district court's dismissal of his habeas petition for lack of jurisdiction.

**AFFIRMED**.

ROSENBAUM, Circuit Judge, with whom WILSON, Circuit Judge, joins, concurring:

I concur in the judgment. Though it makes no difference here, I concur separately to note my continuing belief that *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, 851 F.3d 1076-1086-87 (11th Cir. 2017) (en banc), was wrongly decided. *See id.* at 1121-58 (Rosenbaum, J., dissenting).