[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14612
Non-Argument Calendar
_____

D.C. Docket No. 4:20-cv-00217-CDL-MSH

SAMMIE LEE BROWN,

                                            Petitioner - Appellant,

versus

SECRETARY OF THE U.S. ARMY,

                                            Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 27, 2021)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

In 2020, Sammie Brown filed a *pro se* motion under 28 U.S.C. § 2255 challenging his 1985 conviction by a U.S. Army court-martial for being absent without leave and his resulting other-than-honorable discharge from the Army. The district court, however, determined that it lacked jurisdiction over Brown's motion—which it construed as brought under 28 U.S.C. § 2241 instead of § 2255—because he was not "in custody" under a sentence imposed by the court-martial. On appeal, Brown argues that he is "in custody" due to ongoing, collateral consequences of the conviction and discharge, such as ineligibility for certain jobs and military benefits. After careful review, we affirm the district court.[1]

First, the district court properly construed Brown's motion as brought under § 2241 rather than § 2255. Section 2255 provides the exclusive procedure for a federal prisoner to seek collateral relief, unless it appears that the motion is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Amodeo v. Coleman*, 984 F.3d 992, 997 (11th Cir. 2021). When § 2255 is inadequate or ineffective as a remedy, § 2241 applies instead. *Amodeo*, 984 F.3d at 997. As relevant here, § 2255 may be inadequate or ineffective for military prisoners "due to the evanescent nature of court martial proceedings: the sentencing court literally dissolves after sentencing and is no longer available to test a prisoner's collateral

---

[1] We review *de novo* a district court's dismissal of a habeas petition for lack of jurisdiction. *Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005).

2

attack." *Id.* at 1000 n.2.  Because Brown challenges his conviction by a long-since dissolved court-martial, his claim is cognizable, if it is at all, under § 2241.

Second, the district court correctly determined that it lacked jurisdiction because Brown was not "in custody" for purposes of § 2241.  *See* 28 U.S.C. § 2241(c)(3); *see Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) ("The question of whether a person is 'in custody' within the meaning of 28 U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction.").  According to the Supreme Court, § 2241 requires that a petitioner be "in custody" "under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).  The petitioner need not "be physically confined in order to challenge his sentence on habeas corpus."  *Id.* at 491.  But "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Id.* at 491–92.

Here, Brown identified no sentence that he received because of the court-martial and does not argue that he has ever been unlawfully detained, restrained, or confined as a result of that proceeding.  Moreover, the collateral consequences of his conviction, such as his ineligibility for military benefits, are insufficient on their own to render him "in custody" for purposes of § 2241.  *See id.*  Finally, that he was a Georgia prisoner when he filed his habeas petition is irrelevant to the determination

of whether he was "in custody" in this case because his petition did not challenge the state sentence under which he was confined. *See id.* at 490–91.

Because Brown was not "in custody" under § 2241 as that term has been interpreted and applied by the Supreme Court, the district court correctly dismissed his construed § 2241 petition for lack of jurisdiction.

**AFFIRMED.**