[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13426

Non-Argument Calendar

_____

In re:

 TAQUAN RAHSHE GULLETT-EL,

                                                                              Debtor.

_____

TAQUAN RAHSHE GULLETT-EL,

                                                                    Plaintiff-Appellant,

*versus*

INTERNAL REVENUE SERVICE,
AMERICAN BAR ASSOCIATION,

                                                                    Defendants- Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-01075-TJC,
Bkcy. No. 3:20-bk-00618-JAF

_____

_____

No. 21-13429

Non-Argument Calendar

_____

In re: TAQUAN RAHSHE GULLETT-EL,

Debtor.

_____

TAQUAN RAHSHE GULLETT-EL,

Plaintiff-Appellant,

*versus*

INTERNAL REVENUE SERVICE,
AMERICAN BAR ASSOCIATION,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:20-cv-01047-TJC,
Bkcy. No. 3:20-bk-00618-JAF

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Taquan Rahshe Gullett-El appeals from the district court's order (1) holding that his appeal from the bankruptcy court's dismissal of his adversary complaint was untimely and otherwise frivolous, and (2) denying his request for permission to proceed *in forma pauperis* ("IFP") on appeal.   Gullett-El argues that he timely filed his administrative appeal from the bankruptcy court's adversary proceeding to the district court and that the district court erred in denying him IFP status on appeal.  Additionally, he asserts that both the bankruptcy court and the district court made multiple errors in the disposition of his adversary complaint.  After review, we conclude that we lack jurisdiction.  Accordingly, the appeal is dismissed.

## I.    Background

Although this appeal arises out of a dismissal of two bankruptcy court appeals, a brief summary of events leading to that ruling is necessary for context.

In 2017, Gullett-El was convicted in the Central District of California of two counts of submitting false, fictious, or fraudulent claims to the Internal Revenue Service ("IRS"), and two counts of attempting to file a false lien or encumbrance against the property of government employees. *See United States v. Taquan-Rashe*, 752 F. App'x 531, 531 (9th Cir. 2019) (unpublished).

Thereafter, in 2020, while imprisoned for those crimes, Gullett-El, filed a *pro se* petition for Chapter 7 bankruptcy in the bankruptcy court for the Middle District of Florida. He alleged, among other types of debt, that he had judicial liens, statutory liens, and tax liens. And he listed as creditors, among others, the California Franchise Tax Board and the United States of America. On July 23, 2020, Gullett-El received a discharge from the bankruptcy court. The discharge notice explained generally that some debts are not dischargeable, including "debts for most taxes." The bankruptcy court closed the bankruptcy proceeding in September 2021.

In March 2020, prior to receiving the bankruptcy discharge, Gullett-El filed a *pro se* adversary complaint in the bankruptcy court against the IRS, the American Bar Association ("ABA"), and several

21-13426                Opinion of the Court                5

other defendants.[1]  In the adversary complaint, he cited numerous international treaties and alleged that (1) the IRS had instituted an unlawful lien against him in 2010; (2) he was the victim of malicious prosecution and his convictions were unlawful and violated various international laws; (3) the California district court judge breached a "contract" that Gullett-El filed in his criminal case (which he contended created a binding contract between himself and the district court judge over various matters); (4) the Federal Bureau of Prisons attempted to force him via threats and extortion to enter into a contract setting up a schedule of payments for the allegedly unlawful $400 special assessment imposed as part of his criminal sentence; (5) he was entitled to a writ of habeas corpus from the bankruptcy court; (6) he was entitled to billions in damages from the "United States Federal Corporation" and its privies; (7) he was entitled to specific performance of the "contract" he filed in his criminal case; and (8) he sought to invoke the jurisdiction of the international court of criminal justice and the international criminal court because he was a "non-immigrant alien" and he was subject to genocide, war crimes, crimes against humanity, and the denial of procedural justice by the United States,

---

[1] The Federal Rules of Bankruptcy Procedure provide that certain bankruptcy related proceedings are "adversary proceedings," including a proceeding for money damages, and a proceeding "to determine the dischargeability of a debt."  *See* Fed. R. Bank. P. 7001.  "[A]n adversary proceeding in the bankruptcy court and the companion bankruptcy case are two distinct proceedings."  *In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992).

citing various international laws, treaties, and conventions. As relief, he requested the bankruptcy court order: (1) specific performance of the "contract" in his criminal case; (2) discharge of the IRS's allegedly unlawful tax lien, the $100,000 assessment owed to State of California, and the $400 special assessment imposed as part of his sentence; (3) his immediate discharge from unlawful detainment; and (4) reparations, restitution, and damages related to the unlawful convictions.

In response, the United States moved to dismiss the adversary proceeding for lack of service, lack of subject matter jurisdiction, and because the complaint was an impermissible shotgun pleading. Similarly, the ABA moved to dismiss the complaint, arguing that it was a shotgun pleading and alternatively because it alleged no injuries caused by the ABA. Gullett-El opposed the motions to dismiss.

On July 21, 2020 (the "July 21 order"), the bankruptcy court granted the motions to dismiss and dismissed Gullett-El's adversary complaint. As an initial matter, the bankruptcy court concluded that Gullett-El failed to state a claim concerning his request for release from prison and for damages based on his convictions, and it dismissed these claims with prejudice. Next, it determined that Gullett-El failed to allege a legal or factual basis concerning the dischargeability of his state or federal tax debts, but it granted him leave to amend his adversary complaint as to those claims within 30 days.

Instead of filing an amended adversary complaint, however, Gullett-El filed a notice of appeal in the bankruptcy court.  In the notice of appeal, he asserted that "[d]ue to Defendants' mail tampering/obstruction/delay/hindering /withholding," he did not receive notice of the dismissal order, and that this delay constituted "excusable neglect and good cause" for an extension of time to appeal, citing various provisions of Federal Rule of Appellate Procedure 4.  Meanwhile, Gullett-El filed an identical notice of appeal with the district court seeking to appeal the bankruptcy court's dismissal of the adversary complaint.  The district court docketed the appeal as Case No. 3:20-cv-01075.

With regard to the notice of appeal filed in the bankruptcy court, the bankruptcy court dismissed it as untimely because it was not filed within 14 days of the entry of the order dismissing the adversary complaint as required by the bankruptcy rules.  Gullett-El appealed the bankruptcy court's order dismissing his notice of appeal as untimely to the district court.  This appeal was docketed in the district court as Case No. 3:20-cv-01047.

On September 20, 2021, in a single order, the district court held that both the appeal from the dismissal of the notice of appeal as untimely and the appeal from the dismissal of the adversary complaint were frivolous.  Specifically, as to the bankruptcy court's dismissal of the notice of appeal as untimely, the district court concluded that "the record includes no information upon which the Court could find the decision as to [the] untimeliness [of the appeal of the order dismissing the adversary complaint] to be

erroneous," even under the prison mailbox rule. Furthermore, because the appeal was untimely, the district court concluded that it "need not consider Gullett-El's appeal of the [bankruptcy court's] order dismissing his adversary complaint." Nevertheless, the district court noted that even if it considered the merits of his appeal from the dismissal of the adversary complaint, the appeal would still be frivolous because the bankruptcy court (1) concluded correctly that it lacked jurisdiction over Gullett-El's claims seeking discharge from prison and damages from his convictions, and (2) granted Gullett-El leave to amend his claim for dischargeability of the tax debts, and a dismissal with leave to amend is not final and appealable.

Thereafter, Gullett-El filed a motion to proceed on appeal IFP in both cases. The district court denied the motions in a single order, concluding that any appeal would be frivolous for the reasons stated in its prior order.

Gullett-El appealed to this Court the district court's order concluding that the appeals were frivolous and its order denying his motions to proceed on appeal IFP.[2] Gullet also moved for IFP status on appeal in this Court, and a judge of this Court granted his IFP motion.

## II.    Discussion

---

[2] These appeals were initially docketed as two separate cases (case nos. 21-13426 and 21-13429) and were later consolidated.

As a threshold matter, we must consider whether we have jurisdiction over this case. *See In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008) ("[C]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even if no party raises the issue, and if the court determines that subject matter jurisdiction is lacking, it must dismiss the entire case." (quotations omitted)).

Under Article III of the United States Constitution, a federal court's jurisdiction is limited to active "[c]ases" and "[c]ontroversies." U.S. Const., art. III, § 2. An "actual controversy" must exist throughout all stages of the litigation. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013). "A case becomes moot . . . when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (quotations omitted). In considering whether a case is moot, we "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001). "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000).

As an initial matter, we note that the district court's denial of Gullett-El's motion for leave to proceed IFP on appeal is not an appealable order. *See* Fed. R. App. P. 24(a)(5) & advisory

committee notes (1967 Adoption) (noting that Rule 24(a)(5) "establishes a subsequent motion in the court of appeals, rather than an appeal from the order of denial . . . as the proper procedure for calling in question the correctness of the action of the district court"); *see also Gomez v. United States*, 245 F.2d 346, 347 (5th Cir. 1957) (indicating that "[a]n application for leave to proceed [IFP on appeal] is addressed to the sound discretion of the court, and an order denying such an application is not a final order from which an appeal will lie").[3] Regardless, because we subsequently granted Gullett-El IFP status on appeal, this issue is rendered moot.

Turning to the substantive issues on appeal, even assuming that Gullett-El's notice of appeal from the dismissal of the adversary complaint was timely,[4] meaningful relief is not available to Gullett-El. In a Chapter 7 bankruptcy proceeding, an order of

---

[3] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

[4] Adversary proceedings incorporate Fed. R. Civ. P. 58, which requires a court to set out a judgment in a separate document. Fed. R. Civ. P. 58; Fed. R. Bankr. P. 7058. Thus, in adversary proceedings, a judgment is entered for purposes of filing a notice of appeal at the earliest of when the judgment is set out in a separate document or once 150 days have run from the entry of the order. Fed. R. Bankr. P. 8002(a)(5)(ii). The bankruptcy court's order dismissing the adversary complaint was dated July 21, 2020, and it was entered on the bankruptcy docket on July 22. But the bankruptcy court failed to issue a separate judgment as required by Rule 58. Thus, Gullett-El had 150 days to file his notice of appeal, such that his notice of appeal from August 19, 2020, was timely. *See* Fed. R. Bankr. P. 8002(a)(5)(ii).

21-13426                Opinion of the Court                11

discharge is a final order marking the end of the adjudication of claims against the bankruptcy estate. *See In re McLean*, 794 F.3d 1313, 1322 (11th Cir. 2015). Here, two days after the bankruptcy court dismissed Gullett-El's adversary complaint, it issued him a Chapter 7 discharge, and it later closed the bankruptcy case. Gullett-El's challenge to the dismissal of the adversary complaint was rendered moot by the bankruptcy court's discharge order and closing of his bankruptcy case. *See In re Morris*, 950 F.2d 1531, 1534 (11th Cir. 1992). Specifically, although "[a]n adversary proceeding in the bankruptcy court and the companion bankruptcy case are two distinct proceedings," we have noted that "the dismissal of a bankruptcy case normally results in the dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings." *Id.* (citing *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989)); *see also In re Stardust Inn, Inc.*, 70 B.R. 888, 890 (Bankr. E.D. Pa. 1987) ("As a general rule, the dismissal of a bankruptcy case should result in the dismissal of all remaining adversary proceedings.").[5] In the adversary proceeding, Gullett-El sought a

---

[5] This general rule of dismissal is not without exception, however, because "nothing in the statute governing jurisdiction granted to the bankruptcy courts prohibits the continuance of federal jurisdiction over an adversary proceeding which arose in or was related to a bankruptcy case following dismissal of the underlying bankruptcy case." *In re Morris*, 950 F.2d at 1534. We have identified certain factors that a court should consider in determining whether discretionary jurisdiction over an adversary proceeding should be retained following the dismissal of the related bankruptcy proceeding: "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the

declaration that certain debts were dischargeable in the related bankruptcy proceeding. The order of discharge, however, marked the end of the claims against the bankruptcy estate and the bankruptcy proceeding is closed. In other words, any ruling as to the dischargeability of those debts was rendered moot by Gullett-El's discharge and the closing of his bankruptcy case.

Gullett-El also sought relief from his convictions and damages related to the allegedly wrongful convictions.[6] But such relief is not available in bankruptcy proceedings. Rather, a motion to vacate sentence under 28 U.S.C. § 2255 is the exclusive procedure for a federal prisoner to collaterally attack his sentence, and such motions must be filed in the district where the defendant was convicted and sentenced—in this case the United States District Court for the Central District of California. *See* 28 U.S.C. § 2255(a); *Amodeo v. FCC Coleman—Low Warden*, 984 F.3d 992, 997 (11th Cir. 2021). Thus, we lack jurisdiction to grant the requested relief.

Accordingly, Gullett-El's appeal is dismissed for lack of jurisdiction.

**DISMISSED.**

---

degree of difficulty of the related legal issues involved." *Id.* at 1535. None of these factors weigh in favor of the court's discretionary jurisdiction in this case.

[6] We note that, since filing this appeal, Gullett-El has been released from prison.