[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12577

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK L. AMODEO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:08-cr-00176-JA-LHP-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Frank Amodeo appeals an order granting the United States' motion for a "Turnover of Funds" regarding restitution payments owed as part of his 2009 criminal judgment. He argues that the sentencing court erred in imposing the original restitution order and that the order should not be enforced. The government moves for summary affirmance. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We affirm.

In 2009, Amodeo pleaded guilty to one count of conspiring to defraud the United States, 18 U.S.C. § 371, one count of obstructing an investigation, *id.* § 1505, and three counts of failing to remit payroll taxes, 26 U.S.C. § 702. After a five-day sentencing hearing, the district court sentenced him to 270 months of imprisonment and ordered about $181 million in restitution. We affirmed his convictions. *United States v. Amodeo*, 387 F. App'x 953 (11th Cir. 2010). For the last decade, Amodeo repeatedly and unsuccessfully has sought to overturn his sentence. See *Amodeo v. FCC Coleman - Low Warden*, 984 F.3d 992, 994-96 (11th Cir 2021) (summarizing Amodeo's post-conviction filings), *cert. denied*, 142 S. Ct. 836 (2022).

In 2021, the United States moved for a "Turnover of Funds" after learning that Amodeo, who still owed about $175 million, was receiving a restitution award from a different federal lawsuit to his now-dissolved entities known as "the Sunshine Group." The

United States requested that the award be paid to the district court and applied to what Amodeo owed.

Amodeo argued that his guardianship estate owned the restitution award that was being paid to "the Sunshine Group," which was unconnected to his offenses, and that the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, did not apply to the property at issue. He argued that the restitution order must be voided because the Act applied only to his conviction for conspiring to defraud the United States, *id.* § 371, which was based on one wire transfer referenced in the factual basis for his plea and resulted in no loss.

The district court adopted the magistrate judge's report and recommendation and ruled that the restitution payments to "the Sunshine Group" constituted Amodeo's property and were subject to collection. It explained that restitution was part of Amodeo's sentence and that the Act requires a district court to impose the full restitution amount to victims of a wire fraud as part of the defendant's sentence. It rejected Amodeo's argument that the restitution order must be voided because he had "long ago waived any challenges to the calculation of his restitution order" and "admitted that he was subject to a restitution judgment in his plea agreement," which acknowledged that the loss "exceeded $100 million."

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc.*, 406 F.2d at 1162.

Amodeo argues that the district court lacked jurisdiction to impose his 2009 restitution order because it considered the loss attributable to all his convictions instead of only the section 371 conviction, which was the only conviction for which the Act permitted restitution. He argues that restitution should not be permitted in any event because the record fails to support that the one wire transfer that he admitted to in his factual basis resulted in a loss.

The government is clearly correct as a matter of law. Amodeo identifies no basis on which the district court could have vacated his restitution order. Restitution is part of a defendant's sentence. *See* 18 U.S.C. § 3556; *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015) ("The law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by statute or rule."); *United States v. Muzio*, 757 F.3d 1243, 1255 (11th Cir. 2014). The Act provides an exclusive list of ways in which a mandatory order of restitution can be changed after imposed as part of a final judgment. *See* 18 U.S.C. § 3664(*o*); *Puentes*, 803 F.3d at 605–06. Amodeo cites none of them. In any event, Amodeo cannot challenge the restitution order because the plea agreement contains a waiver of the right to directly appeal or collaterally attack his sentence except on limited grounds, none of which he raises. *See United States v. Weaver*, 275 F.3d 1320, 1323–24 (11th Cir. 2001).

We **GRANT** the government's motion for summary affirmance and **DENY AS MOOT** the government's motion to dismiss.

**AFFIRMED.**