[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10620

_____

D.C. Docket Nos. 4:16-cv-00232-HLM,
4:11-cr-00017-HLM-WEJ-1

ROBERT RANDOLPH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 25, 2018)

Before ED CARNES, Chief Judge, BRANCH, Circuit Judge, and GAYLES,[*]
District Judge.

ED CARNES, Chief Judge:

---

[*] Honorable Darrin P. Gayles, United States District Judge for the Southern District of
Florida, sitting by designation.

We granted Robert Randolph, a federal prisoner, a certificate permitting him to file a second 28 U.S.C. § 2255 motion.  He did so, challenging on Johnson grounds his sentence under the Armed Career Criminal Act (ACCA).  See Johnson v. United States, 576 U.S. __, 135 S. Ct. 2551 (2015).  The district court dismissed that motion because it was not based on a new rule of constitutional law that was unavailable to Randolph while his first § 2255 motion was pending.  This is his appeal.

## I.

In 2009 Randolph pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Because he had been previously convicted of three violent felonies, he was subject to an enhanced sentence under the ACCA.  18 U.S.C. § 924(e)(1).  The district court sentenced Randolph to 180 months imprisonment, the minimum sentence available based on his armed career criminal status.  Id.  He did not appeal his sentence.

In 2014 Randolph, proceeding pro se, filed his first § 2255 motion.  In that motion he alleged that Descamps v. United States, 570 U.S. 254, 133 S. Ct. 2276 (2013), invalidated one of the prior convictions supporting his enhanced sentence.  While that motion was pending, the Supreme Court issued its 2015 decision in Johnson, 135 S. Ct. 2551, and Randolph moved to supplement his § 2255 motion

2

to add a claim that Johnson invalidated his sentence.  The district court granted that motion to supplement.

The district court denied Randolph's § 2255 motion in 2016.  It ruled that his Descamps and Johnson claims were procedurally defaulted because he had not appealed his sentence.  Randolph moved the court to reconsider its order denying his § 2255 motion, noting that the Supreme Court had recently made the Johnson rule retroactive in Welch v. United States, 578 U.S. __, 136 S. Ct. 1257 (2016), but the court denied the motion to reconsider because it only rehashed previous arguments.  Randolph did not appeal the denial of his § 2255 motion.

That same year, Randolph filed a pro se application with this Court for a certificate authorizing him to file a second or successive § 2255 motion.  His application indicated that he sought to challenge his sentence again based on Johnson.  We authorized him to file a second § 2255 motion raising his proposed Johnson claim. We did so because we concluded that Randolph had made a prima facie showing that his claim met the criteria of § 2255(h)(2), although we did note that it was unclear whether the sentencing court had relied on the ACCA's residual clause.

With the assistance of counsel, Randolph filed his second § 2255 motion.  In it he argued that Johnson ruled out his prior convictions as ACCA predicates.  He also argued that his Johnson claim was not procedurally defaulted, and in the

alternative, that default was excusable because the <u>Johnson</u> claim was not available to him during his first § 2255 motion.  The district court dismissed the motion for lack of jurisdiction because the <u>Johnson</u> claim had already been raised, briefed, and rejected in his first § 2255 proceeding, and as a result, it was not based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  <u>See</u> 28 U.S.C. § 2255(h)(2).  This is Randolph's appeal of that dismissal.

## II.

We review <u>de novo</u> the dismissal of a habeas petition for lack of jurisdiction.  <u>Bradley v. Pryor</u>, 305 F.3d 1287, 1289 (11th Cir. 2002).  Once we have authorized a movant to file a second or successive § 2255 motion, the district court has jurisdiction to determine for itself if the motion relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  If the motion meets those requirements, the district court has jurisdiction to decide whether any relief is due under the motion; if the motion does not meet the § 2255(h) requirements, the court lacks jurisdiction to decide whether the motion has any merit. The district court determined that Randolph did not meet those requirements because the <u>Johnson</u> claim was available, and in fact had been raised, briefed, and decided in his first § 2255 motion.  In that first motion, as well as this second one,

4

Randolph contended that <u>Johnson</u> invalidated his enhanced sentence because the sentencing court had relied on the residual clause in treating his prior conviction for third degree burglary as a predicate violent felony.

The district court was correct to dismiss Randolph's second motion because the claim it presented had also been presented in the first motion. <u>See</u> 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."); <u>In re Bradford</u>, 830 F.3d 1273, 1275–76 (11th Cir. 2016) (holding that § 2244(b)(1) bars repetitious § 2255 motions as well as § 2254 motions); <u>see also</u> <u>In re Jones</u>, 830 F.3d 1295, 1297 (11th Cir. 2016) ("[A] prisoner may not file what amounts to a motion for reconsideration under the guise of a separate and purportedly new application when the new application raises the same claim that was raised and rejected in the prior application.") (quotation marks omitted).

Not only that, but the fact that Randolph had presented the claim in the first motion necessarily means it was available to him then, which rules out it being "previously unavailable," a requirement under § 2255(h)(2). He argues that his <u>Johnson</u> claim was not available for purposes of § 2255(h)(2) until the Supreme Court announced that <u>Johnson</u> was retroactive in <u>Welch</u>. That argument conflates availability and retroactivity, which violates the rule against surplusage. <u>See</u> <u>Lowe v. SEC</u>, 472 U.S. 181, 207 n.53, 105 S. Ct. 2557, 2572 n.53 (1985) ("[W]e must

5

give effect to every word that Congress used in the statute."). <u>Welch</u> made <u>Johnson</u> retroactive, but the <u>Johnson</u> rule was available from the time <u>Johnson</u> was decided, as the fact that Randolph raised a claim based on it shows. It violates common sense and ordinary English usage to say that an argument was not available at the time one made the argument. See <u>Dunn v. Singletary</u>, 168 F.3d 440, 442 (11th Cir. 1999) ("[T]he . . . inquiry as to whether a petition is second or successive must focus on the substance of the prior proceedings — on what actually happened."); <u>see also</u> <u>In re Hill</u>, 113 F.3d 181, 183 (11th Cir. 1997) ("The pragmatic approach we have adopted properly recognizes that the liberal amendment policy applicable to habeas petitions may make claims based upon new rules of constitutional law 'available' to the petitioner during a prior habeas action, even when the claim would not have been available at the inception of that prior action.").

Randolph also argues that <u>Welch</u>, "by declaring <u>Johnson</u> claims to be retroactive, whitewashed any procedural default that may have come before." That argument goes to what the district court should have done with an issue it decided in the first motion, and what it could do with that issue if it had jurisdiction to decide the second motion. But the correctness of the denial of a first motion does not count in deciding whether the court has jurisdiction to decide claims and defenses that would arise from the second motion. What counts is whether the

6

second motion relies on a new rule of constitutional law made retroactively applicable by the Supreme Court that was unavailable at the time of the first motion. This second § 2255 motion does not.

Finally, we reject Randolph's argument that the district court owed some deference to our order authorizing him to file a second § 2255 motion. When we issue an order authorizing a habeas petitioner to file a second or successive § 2255 motion, "the district court is to decide the § 2255(h) issues fresh, or in the legal vernacular, de novo." In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) (alterations omitted); see also In re Moss, 703 F.3d 1301, 1303 (11th Cir. 2013) (holding that the district court must decide de novo whether a habeas application satisfies § 2255(h)); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1357 (11th Cir. 2007) ("[T]he district court not only can, but must, determine for itself whether those requirements are met."). The district court did what it was supposed to do by determining for itself whether Randolph's second § 2255 motion satisfied § 2255(h).

Because a Johnson claim was available to Randolph during the time that his first § 2255 motion was pending, and because his second § 2255 motion is an improper vehicle to contest the denial of his first one, the district court properly dismissed his second § 2255 motion for want of jurisdiction.

**AFFIRMED**.

7