[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-16055; 17-13798
Non-Argument Calendar

_____

D.C. Docket Nos. 2:16-cv-00463-WKW-SRW; 2:05-cr-00197-MEF-SRW-1

JOE CARROLL ZIGLAR,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeals from the United States District Court
for the Middle District of Alabama

_____

(December 11, 2018)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Joe Carroll Ziglar, a federal inmate, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, which he filed after this Court granted him authorization to file a second or successive such motion. Ziglar argues that the district court erred in concluding that he was ineligible for relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), from his Armed Career Criminal Act ("ACCA") sentence. After careful review, we affirm.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Ziglar pled guilty in 2006 to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Ziglar had four prior Alabama convictions for third degree burglary; based on those convictions his presentence investigation report ("PSI") recommended that he receive an enhanced sentence under ACCA.[2] ACCA requires a minimum 15-year prison sentence whenever a § 922(g) defendant has three prior "violent felony" or serious drug convictions. *See* 18 U.S.C. § 924(e). (Otherwise, the maximum sentence for a § 922(g) offense is 10 years.)

---

[1] In an appeal consolidated with this case, Ziglar also challenges the district court's denial of his motion for release pending appeal. Because we affirm the district court's denial of his motion to vacate, we also affirm the denial of the motion for release.

[2] Although the PSI did not specifically identify the ACCA predicate offenses, the parties agree that they were Ziglar's burglary convictions.

At the time of Ziglar's sentencing, ACCA provided three definitions of "violent felony." The "elements clause" covered any offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The next subsection in the statute contained the other two definitions. *See id.* § 924(e)(2)(B)(ii). That subsection defined "violent felony" as any offense that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." The first 9 words made up the "enumerated crimes clause," and the last 15 comprised the catchall "residual clause." The enumerated crimes clause encompassed (and still encompasses) only "generic" versions of the listed offenses—that is, offenses comporting with the way "in which the term [*i.e.*, burglary] is now used in the criminal codes of most [s]tates." *Taylor v. United States*, 495 U.S. 575, 598 (1990).

At Ziglar's sentencing, the district court adopted the PSI and imposed the ACCA enhancement without specifically discussing the predicate convictions or which "violent felony" definition encompassed them. The court sentenced Ziglar to the statutory mandatory minimum term of 15 years' imprisonment. Ziglar did not file a direct appeal; he filed an unsuccessful § 2255 motion to vacate based on a claim of ineffective assistance of counsel.

After Ziglar's first § 2255 motion was rejected, the Supreme Court decided *Johnson*, in which it struck ACCA's residual clause definition of "violent felony" as unconstitutionally vague.  135 S. Ct. at 2557, 2563; *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (explaining that *Johnson*'s holding is retroactively applicable to cases on collateral review).  Ziglar sought authorization in this Court to file a second or successive § 2255 motion based on *Johnson*.  *See* 28 U.S.C. § 2244(b)(3).  We granted him that authorization, and he filed his motion to vacate in the district court.  The government agreed with Ziglar that *Johnson* rendered his ACCA-enhanced sentence unconstitutional.  It acknowledged that, without the enhancement, Ziglar had "probably served more time in prison than he will receive under a new sentence under his new guidelines range" and requested a resentencing "as soon as possible."[3]  Doc. 5 at 14.[4]  The district court disagreed with the parties, concluding that Ziglar failed "to show that, at the time of sentencing, his convictions for third-degree burglary under Alabama law did not count as violent felonies under [ACCA]'s enumerated-crimes clause."  Doc. 12 at 34.  Thus, the court concluded, Ziglar failed to satisfy the gatekeeping requirement for the filing of a second or successive § 2255 motion and, alternatively, failed to establish entitlement to relief on the merits.  The district court granted Ziglar a

---

[3] The government has since reversed course and now defends the district court's rejection of Ziglar's motion to vacate.

[4] "Doc. #" refers to the numbered entry on the district court's docket in this case.

certificate of appealability ("COA") on whether he is entitled to challenge his sentence under *Johnson*.

This is Ziglar's appeal.  Much has transpired during the pendency of Ziglar's appeal.  A panel of our Court decided *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017), which addressed a movant's burden of proof to show entitlement to relief under *Johnson*.  A member of our Court sought en banc review of *Beeman*, and as a result this appeal was stayed for several months.  Rehearing of *Beeman* en banc has been denied.  *See Beeman v. United States*, 899 F.3d 1218 (11th Cir. 2018).  Now that the mandate has issued in *Beeman*, this case may proceed.

## II.    STANDARD OF REVIEW

"In a section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard."  *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999).  A district court's determination that a conviction qualifies as a violent felony under ACCA is a legal conclusion, which we review *de novo*.  *United States v. Gandy*, 710 F.3d 1234, 1236 (11th Cir. 2013).

## III.    DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an individual who has filed a § 2255 motion to vacate is barred from filing another such motion subject to a very limited set of exceptions, including

that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2) (requiring the new motion to "contain" such a new rule and cross-referencing 28 U.S.C. § 2244); *see id.* § 2244(b)(2)(A) (requiring a second or successive habeas corpus petition to "rel[y] on" such a new rule). This "'gatekeeping' mechanism" applies when this Court first authorizes the filing of a second or successive § 2255 motion under § 2244(b)(3), and it applies again when the district court considers the new motion after our authorization.[5] *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *see Felker v. Turpin*, 518 U.S. 651, 662 (1996) (explaining that § 2244(b)'s "'gatekeeping' system for second petitions . . . applies to applications filed in the district court" (internal quotation marks omitted)). Only if an individual can pass through this statutory gate may a court proceed to review the merits of his claim. The gatekeeping requirements are jurisdictional, both in our Court and in the district court. *See Randolph v. United States*, 904 F.3d 962, 964 (11th Cir. 2018).

---

[5] Although we previously authorized Ziglar to file a second or successive § 2255 motion in the district court, that authorization required only a prima facie determination that his claim relied on the rule announced in *Johnson*. *See In re Moss*, 703 F.3d 1301, 1302 (11th Cir. 2013) (noting that this Court may authorize the filing of a second or successive § 2255 motion "'only if it determines that the application makes a prima facie showing that the application satisfies the requirements of'" § 2244(b) (quoting 28 U.S.C. § 2244(b)(3)(C))). Our prima facie determination was not binding on the district court, and it cannot bind us here. *See id.* at 1303.

As mentioned above, after the district court's decision in this case and while Ziglar's appeal was pending, a panel of this Court decided *Beeman v. United States*. The *Beeman* panel held that to prevail on a *Johnson* claim a § 2255 movant bears the burden of proving that it is more likely than not that "it was [the] use of the residual clause that led to the sentencing court's enhancement of his sentence." *Beeman*, 871 F.3d at 1222. Put differently, the panel held that a movant is tasked with "proving th[e] historical fact" that he was sentenced "solely per the residual clause." *Id.* at 1224 n.5. Cases decided after the movant's sentencing that exclude a conviction as a predicate under ACCA's enumerated crimes or elements clauses, the *Beeman* panel said, "cast[] very little light, if any, on the key question of historical fact" of whether the movant was sentenced under the residual clause. *Id.* According to the *Beeman* panel's analysis, the Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), is unavailable to those seeking relief based on *Johnson* who were sentenced before *Descamps* issued because *Descamps* construed ACCA's enumerated crimes clause and therefore has no bearing on the residual clause analysis. *See Beeman*, 871 F.3d at 1224 n.5.

We are bound by *Beeman* to conclude that the district court correctly dismissed Ziglar's § 2255 motion to vacate. The district court, although without the benefit of the *Beeman* decision, applied the same test the panel applied in

7

*Beeman*.  In denying Ziglar's motion, the district court said:  "[A]t the time of sentencing in 2006, Ziglar's third-degree burglary convictions qualified as violent felonies under the ACCA's enumerated-crimes clause, which is unaffected by *Johnson*.  Therefore, Ziglar cannot rely on *Descamps*, which he must do, to disqualify his convictions under the enumerated-crimes clause."  Doc. 12 at 17.

We cannot disturb this determination.  When Ziglar was sentenced in December 2006, our precedent indicated that prior convictions for Alabama third degree burglary could qualify under the enumerated crimes clause, if charging documents, transcripts, or undisputed facts in a defendant's PSI showed that the defendant was convicted of "generic" burglary, or under the residual clause.  *See United States v. Dowd*, 451 F.3d 1244, 1254-55 (11th Cir. 2006) (concluding that charging documents and transcripts revealed that an Alabama second-degree burglary conviction was for generic burglary and therefore qualified under the enumerated crimes clause); *United States v. Bennett*, 472 F.3d 825, 832-34 (11th Cir. 2006) (permitting the use of undisputed facts in a PSI to make the generic burglary finding); *United States v. Matthews*, 466 F.3d 1271, 1274-75 (11th Cir. 2006) (acknowledging that a generic burglary conviction qualifies under the enumerated crimes clause and explaining that burglary convictions not proven to constitute generic burglary qualify under ACCA's residual clause).  According to the undisputed facts in Ziglar's PSI, which the district court adopted, Ziglar's

8

burglary convictions stemmed from his breaking into three churches and a residence. These were "generic" burglary offenses within the meaning of ACCA's enumerated crimes clause, *see Taylor*, 495 U.S. at 599, 602, so at the time Ziglar was sentenced, the district court could have applied *Dowd* and *Bennett* to deem Ziglar ACCA-eligible under that clause. Although it is possible the district court may have skipped this analysis and deemed Ziglar's convictions to qualify as ACCA predicates under the catchall residual clause, *see Matthews*, 466 F.3d at 1275, Ziglar cannot show that the district court more likely than not sentenced him under ACCA's residual clause given the silent record, *Dowd*, and *Bennett*.

Ziglar argues that the analysis in *Beeman* does not require us to affirm the district court because he, unlike the movant in that case, requested an opportunity to prove his claim at an evidentiary hearing in the district court. Under some circumstances, this may make a case distinguishable from *Beeman*.[6] Here, however, Ziglar's only arguments are *legal* arguments, not factual arguments that could be examined through an evidentiary hearing. Ziglar does not argue that the record of his sentencing proceedings may reveal that he more likely than not was

---

[6] If, for example, the movant argued that something that occurred during the original criminal proceedings evidenced the district court's intent to employ the residual clause, an evidentiary hearing may be useful in determining whether, as a historical fact, the movant was sentenced under that clause. A case may also be distinguishable from *Beeman* if the district court performed a legal analysis different from the one the *Beeman* panel adopted. Here, though, the district court performed the same legal analysis used in *Beeman*.

9

sentenced under ACCA's residual clause; rather, he argues that under the law at the time he was sentenced, the residual clause may have been the basis for his sentence.  Ziglar has nothing to gain from an evidentiary hearing because here, as he did in the district court, he asks us only to review the state of the law at the time he was sentenced.  Our examination of that law reveals that Ziglar cannot meet his burden under *Beeman*.[7]

## IV.    CONCLUSION

We acknowledge that if Ziglar were sentenced today, he would be ineligible for an ACCA-enhanced sentence because his Alabama third-degree burglary convictions would not qualify under either of ACCA's remaining clauses.  *See Johnson*, 135 S. Ct. at 2563 (striking as unconstitutional ACCA's residual clause); *United States v. Howard*, 742 F.3d 1334, 1348-49 (11th Cir. 2014) (holding that, in light of *Descamps*, a conviction for Alabama third degree burglary does not qualify as an ACCA predicate under the enumerated crimes clause).  We nonetheless are bound to follow *Beeman* unless or until it is overruled or undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court.  *United States*

---

[7] Ziglar also argues that the government should be bound by its concession before the district court that he was entitled to relief under *Johnson*.  Although we are troubled by the government's shifting positions in this case and others in the wake of *Johnson*, its earlier concession does not bind either the district court or our Court.

*v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003). *Beeman* dictates that we affirm

the district court's denial of Ziglar's § 2255 motion.

**AFFIRMED.**