[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12012
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-00217-AW-GRJ; 1:99-cr-00006-AW-GRJ-1

DEMETRIUS LEE BANKS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 16, 2021)

Before WILSON, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Demetrius Banks appeals the district court's dismissal of his motion to vacate

under 28 U.S.C. § 2255, brought pursuant to *Johnson v. United States*, 576 U.S. 591

(2015). To succeed under our precedent, Mr. Banks was required to prove that, more likely than not, the district court enhanced his sentence in reliance solely on the ACCA's residual clause. *See Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017). The district court concluded that Mr. Banks had not met that burden, and accordingly dismissed his § 2255 motion. Because the district court did not err, we affirm.

## I

In 1999, Mr. Banks pled guilty to, among other crimes, possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At the time, Mr. Banks had prior convictions for multiple offenses, including seven 1981 convictions under Florida's burglary statute. The 1981 version of Florida's burglary statute defined burglary as "entering or remaining in a structure or conveyance with the intent to commit an offense therein." Fla. Stat. § 810.02(1) (1981). And it defined the term "structure" as "any building of any kind . . . together with the curtilage thereof." § 810.11(1).

Applying the Armed Career Criminal Act, 18 U.S.C. § 924(e), the district court enhanced Mr. Banks' sentence and sentenced him to 188 months' imprisonment for his § 922(g)(1) conviction. The court did not identify which clause of the ACCA it relied on to enhance Mr. Banks' felon-in-possession sentence. In conjunction with the sentences for the other crimes he pled guilty to, the court

sentenced Mr. Banks to a total of 548 months' imprisonment.

Mr. Banks subsequently filed multiple motions under 28 U.S.C. § 2255. All were unsuccessful. Then, in 2016, Mr. Banks filed an application seeking an order from us authorizing the district court to consider a successive § 2255 motion. He argued that *Johnson* articulated a new rule of constitutional law that made his ACCA-enhanced sentence unconstitutional. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h)(2). We granted the application, and Mr. Banks then filed the instant § 2255 motion.

Mr. Banks explained in his motion that in *Johnson* the Supreme Court had held the ACCA's residual clause to be unconstitutionally vague. And, in his view, none of his 1981 burglary convictions qualified as a violent felony under the ACCA's enumerated offenses or elements clauses. Hence, when he was sentenced in 1999, he did not have the required three violent felony convictions that would permit an ACCA enhancement, making his 188-month sentence on the felon-in-possession offense unconstitutional. *See* 18 U.S.C. § 924(e)(1). Mr. Banks therefore requested that he be resentenced on that offense without the ACCA enhancement.

The government responded that the district court did not have jurisdiction to consider the successive § 2255 motion because Mr. Banks could not show that it was based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C.

§ 2255(h)(2). *See also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). In particular, the government argued that, when Mr. Banks was sentenced for his § 922(g)(1) offense in 1991, the law allowed the district court to classify his prior burglary convictions as violent felonies under the ACCA's enumerated offenses clause. In the government's view, Mr. Banks' motion therefore did not fall within the scope of *Johnson*, and accordingly was not based on a new rule of constitutional law.

Mr. Banks disagreed. He replied that, based on the law at the time of his sentencing, the district court would most likely have sentenced him under the now-unconstitutional residual clause.

A magistrate judge issued a report recommending that the district court dismiss Mr. Banks' § 2255 motion for lack of jurisdiction. The magistrate judge concluded that Mr. Banks had not established that his sentence had been enhanced under the residual clause, and thus he had fallen short of satisfying § 2255(h)(2)'s requirement that his case be encompassed by the new rule of constitutional law set forth in *Johnson*. Mr. Banks did not file any objections to the report and recommendation.

The district court adopted the report and recommendation. The district court

4

noted that neither the presentence investigation report ("PSR") nor the sentencing transcript indicated whether the court had relied on the ACCA's residual clause to enhance Mr. Banks' felon-in-possession sentence. It also concluded that Mr. Banks had not shown that the law at the time he was sentenced allowed his burglary convictions to constitute violent felonies solely under the residual clause. Consequently, the district court ruled that Mr. Banks had failed to prove that his sentence had been enhanced solely under the residual clause and dismissed his § 2255 motion for lack of jurisdiction.

We issued Mr. Banks a certificate of appealability on the following question: "Whether it is more likely than not that the sentencing court relied on the residual clause of [the ACCA] when sentencing Mr. Banks as an armed career criminal, in violation of [*Johnson*]."

## II

According to the government, because Mr. Banks failed to object to the report and recommendation, he waived his challenge to the district court's dismissal based on unobjected to factual and legal conclusions, and we hence should review the district court's dismissal for plain error. Under our rules, plain error indeed is generally the resulting standard of review when a party fails to object to a report and recommendation. *See* 11th Cir. R. 3–1.

On the other hand, the court dismissed Mr. Banks' motion for lack of

jurisdiction, and jurisdiction is a matter that can never be waived. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) ("[D]efects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court."); *McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001) ("[J]urisdictional errors are not subject to plain- or harmless-error analysis.").

We generally review de novo the dismissal of a § 2255 motion for lack of jurisdiction. *See Randolph v. United States*, 904 F.3d 962, 964 (11th Cir. 2018). We need not decide which standard of review is applicable here because Mr. Banks fails to meet his burden even under plenary review.

## III

Mr. Banks maintains on appeal that he proved that, more likely than not, the district court enhanced his sentence relying solely on the residual clause. We instead agree with the district court that Mr. Banks did not meet his burden of proof.

## A

To explain our conclusion, some background on the relevant legal framework is required. Under the ACCA, a defendant who is convicted of violating § 922(g)(1) faces a 15-year mandatory minimum sentence (and a maximum sentence of life imprisonment) if he has three prior convictions (known as "predicate offenses") for a "serious drug offense" or "violent felony." *See* 18 U.S.C. § 924(e)(1). The ACCA has historically defined the term "violent felony" as a felony that is encompassed by

any of its three clauses: the elements clause, the enumerated offenses clause, and the residual clause. *See* § 924(e)(2)(B). Relevant for our purposes are the enumerated offenses and the residual clauses. The enumerated offenses clause defines a "violent felony" as a felony that "is burglary, arson, or extortion, [or] involves use of explosives." § 924(e)(2)(B)(ii). The catch-all residual clause defines the term as a felony that "involves conduct that presents a serious potential risk of physical injury to another." *Id.*

In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague. *See Johnson*, 576 U.S. at 597. And it later held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In *Beeman*, we detailed what a defendant must do to succeed on a § 2255 motion premised on *Johnson*. We held that a defendant must show that, more likely than not, the court relied solely on the residual clause to enhance his sentence. *See Beeman*, 871 F.3d at 1221–22. To do so, a movant can rely on direct evidence (e.g., statements in the sentencing record indicating that the district court likely relied on the residual clause) or circumstantial evidence (e.g., the legal landscape at the time of sentencing that evinced that the court likely relied on the residual clause). *See id.* at 1224 nn.4–5.

The upshot of those cases is that defendants like Mr. Banks can vacate or

correct their sentences via a § 2255 motion if they establish that, more likely than not, the district court of sentencing classified their predicate offenses as violent felonies in reliance only on the now-defunct residual clause.

**B**

Mr. Banks argues that the legal landscape existing in 1999 required the district court to rely only on the residual clause to classify his seven 1981 burglary convictions as ACCA violent felonies. None of the relevant documents in the record contains information that would allow the district court to classify his burglary convictions as violent felonies under the enumerated offenses clause (and the applicability of the elements clause is not at issue). Because, legally, the district court could rely only on the residual clause to enhance his sentence, it is more likely than not that it did so.

As Mr. Banks' argument is based on the legal landscape at the time of his sentencing, we turn to that terrain. In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court distinguished between two types of burglary: generic and non-generic. Generic burglary, the Supreme Court stated, encompasses only burglaries that have "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. It also confirmed that the enumerated offenses clause's reference to "burglary" encompasses only convictions for generic burglary. *See id.*

8

But what to do with convictions under non-generic burglary statutes—i.e., statutes that sanction generic burglary and, more broadly, non-generic burglary? The Supreme Court answered that to determine whether a particular conviction was for generic burglary courts generally could look only to the statutory definition of the predicate offense. *See Taylor*, 495 U.S. at 602. Thus, convictions under non-generic statutes usually could not be classified as violent felonies under the enumerated offenses clause. Yet the Supreme Court allowed for an exception "in a narrow range of cases where a jury was actually required to find all the elements of generic burglary" to convict. *Id.* To determine whether a jury was required to find the elements of generic burglary, courts could rely on the charging document and jury instructions. *See id.*

*Taylor* itself raised various questions. The relevant one for the present case was what to do when a defendant pleads guilty and therefore precludes creation of jury instructions? We answered that question in *United States v. Adams*, 91 F.3d 114, 116 (11th Cir. 1996), where we explained that a defendant does not escape the application of the ACCA's enumerated offenses clause by pleading guilty. We held that courts may rely on information contained in PSRs to determine whether prior burglary convictions under non-generic statutes were for generic burglary. *See id.*[1]

---

[1] The Supreme Court later confirmed in *Shepard v. United States,* 544 U.S. 13, 26 (2005), that to determine whether a plea agreement under a non-generic statute necessarily admitted the

9

The parties agree that the version of the Florida burglary statute under which Mr. Banks was convicted in 1981 was non-generic, and indeed it sanctioned not only entry into structures, but also the structure's curtilage and conveyances. *See* Fla. Stat. §§ 810.02 & 810.011 (1981). The sentencing record is silent as to which of the ACCA's clauses the district court relied on to enhance Mr. Banks' sentence. Consequently, Mr. Banks is correct that this case turns on the legal landscape at the time of sentencing—specifically, *Taylor* and *Adams*.

The PSR from Mr. Banks' 1999 sentencing describes his 1981 burglaries as crimes in which he "burglarized the residence[s]" of seven different victims. The government contends that this information allowed the district court of sentencing to comfortably find that Mr. Banks' 1981 burglary convictions were for generic burglary. Mr. Banks counters that the word "residence" should not be understood as referring only to physical structures and can instead be read as encompassing the curtilage. Based on such a reading, the district court would have been unable to conclude that he had been convicted of generic burglary.

Our opinion in *Williams v. United States*, 795 F. App'x 676 (11th Cir. 2019)

---

commission of a generic offense, courts can consider "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant." The parties reference those documents, known as *Shepard* documents, in their briefs, but their arguments do not turn on consideration of any *Shepard* document other than the 1999 PSR.

convinces us that the government has the better argument. In *Williams*, we considered whether two burglary convictions under a later but similar version of Florida's burglary statute qualified as violent felonies under the ACCA's enumerated offenses clause. We explained that, at the time of the defendant's convictions, Florida's burglary statute "defined burglary as 'entering or remaining in a dwelling . . . with the intent to commit an offense therein.'" *Williams*, 795 F. App'x at 680 (discussing Flat. Stat. § 810.02 (1989)). We also noted that under the statute the term "dwelling" included both a building and its curtilage. *See id.* But we also differentiated between the two convictions due to a distinction that is dispositive in this case. With respect to the earlier burglary conviction, we explained that because the PSR indicated only that the defendant had entered the yard north of a residence, it established, at best, entry into the curtilage. *See id.* at 681. As to the second conviction, however, we explained that the district court could have classified it as a violent felony under the ACCA's enumerated offenses clause because the defendant's PSR described the offense as "burglarizing a residence." *See id.* In other words, we considered that the district court could construe the term "residence" or the phrase "burglarizing a residence" as evincing a conviction for burglary involving "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," i.e., a generic burglary. *See Taylor*, 495 U.S. at 599.

11

The situation regarding Mr. Banks' 1981 burglary convictions is substantively indistinguishable. Mr. Banks' PSR describes his crimes as the burglarizing of residences. Given our discussion in *Williams*, which we find persuasive, we cannot find that the law in 1999 permitted the district court to rely only on the residual clause to classify Mr. Banks' burglary convictions as violent felonies for purposes of the ACCA. *See Beeman*, 871 F.3d at 1224 n.5. As Mr. Banks' premise falls, so does his conclusion. We therefore hold that Mr. Banks has not met his burden of establishing that, more likely than not, the district court relied only on the residual clause to enhance his sentence.[2]

## IV

For the foregoing reasons, we affirm the district court's order dismissing Mr. Banks' § 2255 motion for lack of jurisdiction.

**AFFIRMED**.

---

[2] Mr. Banks also argues that *Beeman* was wrongly decided. But right or wrong, we are bound by it. *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong.").