[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13386

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ROY M. BELFAST, JR.,
a.k.a. Chuckie Taylor,
a.k.a. Charles McArthur Emmanuel,
a.k.a. Charles Taylor, Jr.,
a.k.a. Charles Taylor, II,

Defendant-Appellant.

2                    Opinion of the Court                    21-13386

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:06-cr-20758-CMA-1

_____

Before JILL PRYOR, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Roy M. Belfast, Jr., a *pro se* federal prisoner, appeals following the district court's denial of his self-styled "motion of general challenge to loss of courts jurisdiction," which he filed in his criminal case years after entry of a final judgment, and in which he sought post-conviction relief.  The government has now moved for summary affirmance of that ruling.

**I.**

The record shows that Belfast is serving a 1,164-month total sentence following his conviction in 2009 on charges of conspiracy to commit torture, conspiracy to use, carry, and possess firearms during and in relation to a crime of violence, torture, and using, carrying, and possessing a firearm during and in relation to a crime of violence, all relating to his role in torturing individuals while he was in Liberia.  *See generally United States v. Belfast*, 611 F.3d 783 (11th Cir. 2010).

Before the present proceeding, Belfast had filed several post-conviction motions for relief, including 28 U.S.C. § 2255 motions

to vacate, where he argued that he had not acted "under color of law" in Liberia and that the government had not established he had acted in a conspiracy, meaning he was actually innocent of his conspiracy to convict torture offense.  Belfast's most recent motion to vacate was pending before the district court in a separate civil proceeding, based on this Court granting him leave to file a successive motion in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), when Belfast filed the present self-styled motion entitled "general challenge to loss of courts jurisdiction" in his criminal case.[1]

In the "general challenge to loss of courts jurisdiction" motion, Belfast argued that the government only showed that he had committed torture, not that he conspired to do so.  Further, he asserted that because his remaining convictions were predicated on his conspiracy charge, his entire judgment was invalid due to the district court's loss of jurisdiction.  Finally, he also contended that he did not act under "color of law."

The district court denied the motion in a paperless order.  It explained that Belfast had "a civil case in which he is presently filing other motions; those will be ruled in that civil case."  It also stated that it was "not aware of its jurisdiction to entertain the present Motion."

---

[1] The district court ultimately denied the motion to vacate.

Belfast appealed, *pro se*, and again argues that his criminal case was devoid of evidence showing he acted in a conspiracy or that he acted "under color of law." As such, he asserts that the district court lacked jurisdiction to convict him on that count, which renders his entire 2009 judgment void.

The government moves for summary affirmance and to stay the briefing schedule, arguing that Belfast's motion represented a collateral attack on one or more of his prior convictions, that the district court correctly determined that it lacked jurisdiction to hear that, and that the district court could adequately deal with a challenge to his convictions in the civil proceeding.

## II.

Summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2]

We review issues of subject matter jurisdiction *de novo*. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

District courts shall liberally construe *pro se* filings and may recharacterize a *pro se* litigant's motion. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Accordingly, courts are obligated to "look behind the label" of *pro se* inmate filings to determine whether they are cognizable under "a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

## III.

The primary method of collateral attack on a federal sentence is pursuant to 28 U.S.C. § 2255. *Jordan*, 915 F.2d at 629. Section 2255 permits a prisoner to contest his sentence by motion on the ground that the court was without jurisdiction to impose such a sentence. *Amodeo v. Coleman*, 984 F.3d 992, 996 (11th Cir. 2021). The district court is permitted to provide the specified relief if it finds that the judgment was rendered without jurisdiction, or when there was such a denial of constitutional rights to the prisoner that the judgment is vulnerable to collateral attack. *Id.* The remedy for a successful § 2255 claim would be to discharge the prisoner, grant a new trial, or correct the sentence as may appear appropriate. 28 U.S.C. § 2255(b).

A federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move in the appropriate court of appeals for an order authorizing the

district court to consider such a motion. *See id.* § 2255(h) (cross-referencing 28 U.S.C. § 2244). A three judge panel of the court of appeals may grant such authorization only if the proposed motion contains claims premised on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h)(1)–(2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357–58 (11th Cir. 2007) (explaining that our determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

A federal prisoner, however, may not raise a repeat § 2255 claim that was raised in his first § 2255 motion. *See Randolph v. United States*, 904 F.3d 962, 964 (11th Cir. 2018). "[A] claim is the same where the basic gravamen of the argument is the same, even where new supporting evidence or legal arguments are added." *In re Baptiste*, 828 F.3d 1337, 1339 (11th Cir. 2016).

Procedurally, federal courts also have the power to manage their dockets. *See Young v. City of Palm Bay*, 358 F.3d 859, 863–

21-13386              Opinion of the Court                    7

64 (11th Cir. 2004); *see also Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have 'unquestionable authority to control their own dockets[,]' . . . [which] includes broad discretion in deciding how best to manage the cases before them."). We will review a district court's decision on how to manage its docket for an abuse of discretion. *See Young*, 358 F.3d at 863–64.

Here, Belfast's appeal is meritless. First, to the extent the district court's decision to deny his motion was based on his ability to file the same motion in the civil case, or the pendency of similar motions in that case, that was a reasonable determination given the events described above and was, therefore, not an abuse of discretion.

Second, to the extent Belfast's motion constituted a separate collateral attack upon one or more of his 2009 convictions under § 2255, it was successive, and he did not receive permission from us to file it, so the district court lacked jurisdiction to consider it. Specifically, as he was essentially attacking the jurisdiction of the district court to convict him, that constituted a collateral attack under § 2255. *Amodeo*, 984 F.3d at 996; *Jordan*, 915 F.2d at 629. As such, he was required to apply to us for an order authorizing a motion to vacate. *See* § 2255(h). He did not do so. Therefore, the district court did not have jurisdiction to consider the motion and it properly reached that conclusion in its order.

Finally, even if Belfast's present appeal is liberally construed as an application for leave to file a successive motion, we lack

jurisdiction to grant it, because he seeks to repeat claims he raised previously. As noted above, he argued in his previous § 2255 motions that the district court had not proved that he had acted "under color of law" and that the district court had not proven his conspiracy counts. As such, he presented the same legal argument he has in previous motion. *Randolph*, 904 F.3d at 964; *Baptiste*, 828 F.3d at 1339. Therefore, even if we construe his arguments as a request for leave to file a successive § 2255 motion, we would have to dismiss such an application.

Accordingly, because the government's position is "clearly right as a matter of law," we **GRANT** its motion for summary affirmance and **DENY** as moot its motion to stay the briefing schedule. *See Groendyke Transp.*, 406 F.2d at 1162.