[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11872

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK L. AMODEO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:08-cr-00176-JA-LRH-1

_____

Before WILLIAM PRYOR, Chief Judge, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Frank L. Amodeo, a federal prisoner, appeals the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). After Amodeo's transfer to home confinement, the district court ruled that he failed to establish that extraordinary and compelling reasons warranted a reduced sentence, U.S.S.G. § 1B1.13, and that the statutory sentencing factors, 18 U.S.C. § 3553(a), weighed against granting relief. We affirm and deny the government's motion to dismiss the appeal as moot.

In 2009, Amodeo pleaded guilty to one count of conspiring to defraud the United States, 18 U.S.C. § 371, one count of obstructing an agency investigation, *id.* § 1505, and three counts of failing to remit payroll taxes, 26 U.S.C. § 702. After a five-day sentencing hearing, the district court sentenced Amodeo to 270 months of imprisonment and ordered about $181 million in restitution. We affirmed his convictions. *United States v. Amodeo*, 387 F. App'x 953 (11th Cir. 2010). For the last decade, Amodeo repeatedly and unsuccessfully has sought to overturn his sentence. *See Amodeo v. FCC Coleman - Low Warden*, 984 F.3d 992, 994-96 (11th Cir 2021) (summarizing Amodeo's post-conviction filings), *cert. denied*, 142 S. Ct. 836 (2022).

In June 2020, Amodeo moved for compassionate release. 18 U.S.C. § 3582(c)(1)(A). He argued that the Bureau of Prisons lacked the monitoring and medication system needed to manage his rapid-cycling bipolar disorder with psychotic features and chronic delusions. He argued that his health conditions of obesity, diabetes, asthma, hypertension, and sleep apnea, along with his mental illness, increased his risk of complications from COVID-19. He also argued that the sentencing factors supported granting a sentencing reduction because he was not a danger to the community and had a history of complying with supervision.

Less than a month later, the Bureau transferred Amodeo to home confinement. Amodeo filed a supplemental motion for compassionate release. He acknowledged that his transfer to home confinement alleviated his concerns about contracting COVID-19 in the prison environment but argued that the district court should reduce his sentence to time served because the home-confinement program could not provide him the necessary medical treatment and his "actual innocence" provided an "other reason," U.S.S.G. § 1B1.13 cmt. n.1(D), that was extraordinary and compelling.

The district court denied Amodeo's motion for compassionate release. The district court ruled that Amodeo failed to prove that extraordinary and compelling reasons warranted a sentence reduction because his argument that "he could obtain better medical care if he was not in BOP custody" was not equivalent to alleging that his conditions "substantially diminish[] the ability of [Amodeo] to provide self-care within the environment of a correctional

facility." And the district court found that our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), foreclosed Amodeo's argument that actual innocence could serve as an extraordinary and compelling "other reason."

The district court alternatively ruled that, even if Amodeo had established extraordinary and compelling reasons, it still would decline to reduce his sentence because of the need to protect the public, reflect the seriousness of the offense, promote respect for the law, provide just punishment, and deter future crimes. 18 U.S.C. § 3553(a)(2)(A)-(C). And because of this alternative basis for denying sentencing relief, it declined to decide whether Amodeo's home constituted "a correctional facility," U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

The government has moved to dismiss Amodeo's appeal and argues that his transfer to home confinement rendered his request for compassionate release moot. It argues that the district court lacked jurisdiction to grant or deny Amodeo relief and that we lack jurisdiction over his appeal. We disagree.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). In other words, a case becomes moot and must be dismissed "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the . . . appellant meaningful relief." *Id.* at 1336. "A case that becomes moot at any point during the proceedings is no longer a

'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (internal quotation marks omitted).

This appeal is not moot. Although Amodeo is now on home confinement, which relieved his concerns about contracting COVID-19 in prison, Amodeo also asked the district court to reduce his sentence to time served because he was dissatisfied with his treatment in the home-confinement program. Amodeo's request for compassionate release was not moot when the district court decided it. *Al Najjar*, 273 F.3d at 1336. And because Amodeo still can receive relief in the form of a reduced sentence, we have jurisdiction over his appeal.

We review the denial of a motion for compassionate release only for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* "When review is only for abuse of discretion, it means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (internal quotation marks omitted).

A district "court may not modify a term of imprisonment once it has been imposed" except in specified circumstances. 18 U.S.C. § 3582(c); *see Bryant*, 996 F.3d at 1248. Section 3582(c), as amended by the First Step Act, gives the district court discretion to

"reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A district court may deny a motion to reduce for lack of "extraordinary and compelling reasons" or because relief is inappropriate based on the statutory sentencing factors. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

We need not address Amodeo's arguments that his medical treatment provides an extraordinary and compelling reason for a sentence reduction because we can affirm on the alternative ground stated by the district court. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (holding "an appellant must convince us that every stated ground for the judgment against him is incorrect"); *see also Tinker*, 14 F.4th at 1237-38 ("Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction."). Amodeo has abandoned any challenge he could have made to the finding that the sentencing factors independently supported the denial of his motion. *See Sapuppo*, 739 F.3d at 681-82. Insofar as Amodeo argues that his actual innocence warrants a sentence reduction, he acknowledges that our decision in *Bryant* barred the district court from finding it an extraordinary and compelling "other reason." And we are

bound by our precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo,* 540 F.3d 1235, 1236 (11th Cir. 2008). So Amodeo could not use a compassionate release motion to litigate his actual innocence, and he has offered no other explanation for why the alternative ground stated by the district court was an abuse of discretion. Because Amodeo has failed to meaningfully challenge this alternative ruling, "it follows that the district court's judgment is due to be affirmed." *Sapuppo*, 739 F.3d at 683.

We **DENY** the government's motion to dismiss as moot and **AFFIRM** the denial of Amodeo's motion for compassionate release.